Stewart, J.
The question before us is free of complications.
It was apparently the view of the trial court that because the only specifications of negligence alleged by plaintiff in her amended petition relate to the failure of defendant to have lights upon his parked automobile, and there was no claim as to any other negligence concerning the manner in which or the location where the automobile was parked, the question of liability hinged solely upon whether defendant complied with Section 6307-83, General Code.
*79 It was not only the view of the Court of Appeals that the statute was involved but that it was only cumulative with reference to the common-law obligations of defendant, and that the trial court was in error in declining to charge on the common law with reference to the duties owed by defendant.
It is plain that plaintiff’s amended petition raises only the issue of defendant’s failure to exhibit lights, and, since it is conceded that there were no lights on defendant’s automobile and it was parked within a municipality, if, at the place where it was parked, there was not sufficient light to reveal any person or substantial object within a distance of 500 feet upon the highway, defendant was guilty of negligence per se. In such a case, he could have no advantage from the common-law doctrine basing negligence upon what a fictitious ordinarily prudent person (as the Court of Appeals so appropriately called him) under the same or similar circumstances would or would not have done. So far as defendant is concerned, the common law does not apply. He was either guilty of negligence per se or not, as the facts show whether he obeyed the statute or not.
It is the theory of plaintiff, as well as the Court of Appeals, that, although the preceding statement is true and defendant can not have the advantage of a common-law defense, plaintiff is not deprived of a common-law advantage even though defendant strictly complied with the statute.
There is no question that the legislative branch of the government, unless prohibited by constitutional limitations, may modify or entirely abolish common-law actions and defenses. That was done by the General Assembly when it passed the guest statute. It was done by the Congress of the United States when it passed the comparative negligence statute in relation to railroad employees.
This state and most others have abolished common-law rights and obligations, both by Constitution and statute, in reference to workmens’ compensation acts.
These are just a few of the many examples supporting the foregoing proposition. See Leis v. Cleveland Ry. Co., 101 Ohio St., 162, 128 N. E., 73.
There can be no question as to the right of the General *80 Assembly to prescribe a- standard of care to the exclusion of any standard under the common law. Has it done so in relation to lights upon an automobile parked within a municipality?
There is no dispute that it has done so with reference to the rights and obligations of the parker of an automobile.
Has it done so with reference to one injured by colliding with such parked automobile?
It is true that under some circumstances - a statute, the violation of which would make the violator guilty of negligence per se, still might not relieve him from amenability to common-law duties, even if the statute were not violated. For instance, if a statute should be enacted making it illegal to drive at a speed in excess of so many miles per hour, a violation of that statute would constitute negligence per se, although, if one drove within that limit, he might still be liable for negligent driving under the conditions of traffic in which he found himself. In Ohio, driving faster than certain speeds constitutes prima facie evidence of an unlawful rate of speed, but one driving under such rate could still be guilty of negligence in driving at an unreasonable speed because of the conditions surrounding him at the time of the driving.
But the statute with which we are concerned is of a different character. Here the General Assembly has said that if you park at night you must have a white light visible from a distance of 500 feet to the front and a red light visible from a distance of 500 feet to the rear, but you need display no light upon your vehicle if you park within a municipality where there is sufficient light to reveal any person or substantial object within a distance of 500 feet upon the highway.
It seems to us that the permission or direction of the General Assembly would have a shabby result if the motorist observing it literally and relying upon it in good faith could then be told that he obeyed in full measure the direction contained in the statute but had no right to rely upon the standard of care that statute provided, and can still have a question of his liability for damages submitted to a jury, where the only claim made against him is in reference to the requirements outlined in the statute.
We are convinced that no such situation was intended *81 by the General Assembly when it enacted Section 6307-83, General Code.
We believe that the proper rule of construction of this statute is stated as follows in 3 Sutherland Statutory Construction (3 Ed.), 13, Section 5305:
“But general and comprehensive legislation, prescribing minutely a course of conduct to be pursued, the parties and things affected, and elaborately describing limitations and exceptions, is indicative of a legislative intent that the statute should totally supersede and replace the common law dealing with the subject matter.”
Section 6307-83, General Code, constitutes general and comprehensive legislation prescribing minutely a course of conduct as to lights where one parks an automobile in a mu-, nicipality, and such section elaborately describes the limitations and exceptions as to the requirement of lights, and we are of the opinion that it lays down a statutory standard of care which replaces the precautions enjoined by common law. A violation of the statute makes the violator guilty of negligence per se, without regard to what the fictitious ordinarily prudent person would have or would not have done' in the absence of the statute, and the comprehensiveness of the statute absolves one from liability for claimed negligence in failing to display lights, where he has fully complied with it.
From what we have said, it follows inevitably that the judgment of the Court of Appeals must be and it hereby is reversed, and that of the Court of Common Pleas affirmed.

Judgment reversed.

Matthias, Hart, Zimmerman, Bell and Taft, JJ., concur.
Weygandt, C. J., dissents.